Julie Vogelzang   (SBN 174411)
Michelle Hon Donovan (SBN 234492)
**DUANE MORRIS LLP**
101 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619.744.2200
Facsimile: 619.744.2201
E-Mail:    jvogelzang@duanemorris.com
           mhdonovan@duanemorris.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| | Case No. **SACV11-00044 JST (FNBx)** |
| TOM'S NO. 18, LLC, a California limited liability company, NIKIFOROS VALASKANTJIS and GEORGIA VALASKANTJIS as trustees on behalf of the Valaskantjis Family Trust, | **COMPLAINT FOR TRADEMARK INFRINGEMENT; DILUTION; COPYRIGHT INFRINGEMENT; CYBERSQUATTING; DEFAMATION VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200 *ET. SEQ.*** |
| Plaintiff, | |
| v. | |
| KATZ GLOBAL MEDIA, LLC, an Arizona limited liability company, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff, Tom's No. 18, LLC ("Tom's") and Nikiforos Valaskantjis and Georgia Valaskantjis as trustees on behalf of the Valaskantjis Family Trust (collectively "Plaintiffs") as and for their Complaint against defendant Katz Global Media, LLC alleges as follows:

## PARTIES

1.      Tom's is a California limited liability company having a principal place of business a 12735 Bell Flower Blvd., Downey California 90242.

2.      Nikiforos Valaskantjis and Georgia Valaskantjis are trustees for the Valaskantjis Family Trust, with an address of 97 Marabella, San Clemente, California 92673.

COPY
FILED
CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
SANTA ANA
2011 JAN 10  AM 11:45

3.      On information and belief, Katz Global Media, LLC ("Katz" or "Defendant") is an Arizona limited liability company having a principal place of business at 2314 E. 17th Street, Tucson Arizona, 85719 and has participated in, or caused to occur, one or more of the acts hereinafter complained of within the Central District of California.

4.      Plaintiff reserves the right to amend this Complaint upon discovery of new evidence supporting additional parties and/or other causes of action.

## JURISDICTION AND VENUE

5.      This action arises, in part, under the Lanham Act, 15 U.S.C. § 1125 and the copyright laws of the United States, 17 U.S.C. § 501 et seq. and this Court therefore has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court also has diversity jurisdiction under 28 U.S.C. § 1332 in that the plaintiff has citizenship that is different from all of the defendants and the matter in controversy exceeds $75,000.

7.      The Court has supplemental jurisdiction over Plaintiffs' claims arising under California state law pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiffs' Copyright Act and Lanham Act claims that they form part of the same case and/or controversy and derive from a common nucleus of operative fact.

8.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred, and/or a substantial amount of evidence is located within this judicial district.

## FACTUAL BACKGROUND

**A.      Plaintiffs' Business**

9.      Tom's Famous Family Restaurants was found in 1968 by Nikiforos and Georgia Valaskantjis.

10.     Over the last forty years, the restaurants have successfully grown and there are now approximately twenty-one different restaurant locations throughout Southern California, each of which is a separate legal entity.

11.     Tom's is one of the multiple family-owned and operated restaurant businesses.

12.    Plaintiffs operated an official website that was located at www.tomsfamousfamilyrestaurants.com.

13.    Tom's registration of the tomsfamousfamilyrestaurants.com domain name lapsed in February 2010 when the domain name was not timely renewed due to an oversight.

**B.    Plaintiffs' Trademarks**

14.    As part of its ongoing business, Plaintiffs, their predecessors and licensees use and promote, *inter alia,* the following trademarks:  TOM'S FAMOUS FAMILY RESTAURANTS; TOM'S FAMOUS FAMILY RESTAURANTS logo; "Burgerman" logo and WHERE EVERY BITE IS A DELIGHT ("Tom's Famous Marks" attached hereto as Exhibit A).

15.    Plaintiffs and their predecessors have advertised, publicized and promoted the TOM'S FAMOUS FAMILY RESTAURANTS word mark and TOM'S FAMOUS FAMILY RESTAURANTS logo since at least as early as July 1968.

16.    Plaintiffs and their predecessors have advertised, publicized and promoted the "Burgerman" logo since at least as early as 1993.

17.    Plaintiffs and their predecessors have advertised, publicized and promoted the WHERE EVERY BITE IS A DELIGHT mark since at least as early as January 1, 1994.

18.    As a result of Plaintiffs' and their predecessors' long term and substantial advertising, publication and promotional efforts over the last forty years, Tom's Famous Marks are well known and exclusively associated with Plaintiffs' goods and services.

19.    As such, Tom's Famous Marks have acquired and enjoy a high degree of distinctness and secondary meaning.

20.    Indeed, Tom's Famous Marks are famous and were famous long prior to Defendant's use of the marks.

**C.    Tom's Copyrights**

21.    Tom's has created various graphic art designs that are wholly original and constitute copyrightable subject matter that is protected against unauthorized copying under the laws of the United States.

22.    Tom's has received from the Registrar of Copyrights and is the owner of the

following copyright registrations for its original works (hereinafter "Tom's Works"): (i) Tom's Famous Family Restaurants (logo) (VAu 539985); (ii) Tom's Famous Family Restaurants ("Burgerman") (VAu 539984); and (iii) Tom's famous family restaurants : no. 24 (VAu 565463).

**D.    Defendant's Unlawful Conduct**

23.    On information and belief, Defendant registered the domain name tomsfamousfamilyrestaurants.com on September 5, 2010; the domain name tomsfamousfamilyrestaurant.com on September 22, 2010; and the domain name tomsfamousfamilyrestaurant-review.com on September 22, 2010 (hereinafter collectively the "Domain Names").

24.    Defendant created a webpage that it hosted at www.tomsfamousfamilyrestaurants.com (a partial printout of this webpage is attached as Exhibit B). The webpage contained wholesale copies of Tom's Works, Tom's Famous Marks, text and source code, which appeared to have been copied directly from Plaintiffs' official website (the "Infringing Webpage").

25.    The Infringing Webpage also stated that the tomsfamousfamilyrestaurants.com domain name was available for sale.

26.    The Infringing Webpage also falsely accused Plaintiffs of employing illegal immigrants.

27.    Legal counsel for Plaintiffs sent a cease and desist letter to the owner of the Infringing Webpage demanding that the infringing material be immediately removed and that the tomsfamousfamilyrestaurants.com domain name be transferred to Plaintiffs.

28.    Shortly thereafter, the infringing webpage was removed.

29.    Subsequently, Defendant published a webpage at www.tomsfamousfamilyrestaurants.com and www.tomsfamousfamilyrestaurant-review.com that included defamatory statements about Plaintiffs, including but not limited to untrue and unfounded accusations that Plaintiffs knowingly employed illegal immigrants, accepted fraudulent identification and did not pay the required taxes or workers compensation benefits for these workers (the "Defamatory Webpage") (Exhibit C).

30.     The Defamatory Webpage also contains source code that was copied from Plaintiffs' official website, including the title and description for Plaintiffs' official webpage, such that when the Defamatory Website appears in the Google nature search result for "Tom's Famous Family Restaurants," it appears to be Plaintiffs' Official Website (Exhibit D):

*Tom's Famous Family Restaurants* | OFFICIAL SITE
Welcome – The Valaskantjis *family* invites you to visit all their 21 Southern California locations. WARNING: crazy FREE discount coupons online. *www.tomsfamousfamilyrestaurants.com/* - Cached

31.     Counsel for Plaintiffs sent written notice to Defendant stating that the statements were defamatory and demanding that they be removed.  Defendants did not respond to said notice and did not take any action to remove or retract the defamatory statements.

32.     The Defamatory Webpage also encouraged Internet users to report Plaintiffs to the Internal Revenue Service and Customs and Immigration Enforcement.

33.     The Defamatory Webpage includes Tom's Famous Marks and/or confusingly similar variations of said marks.

34.     The Defamatory Webpage also includes a derivative copy of the Tom's Famous Family Restaurants logo, which is substantially similar to one or more of Tom's Works.

35.     Despite the fact that the Tom's Famous Marks and Tom's Works are owned exclusively by Plaintiffs, Defendant's Terms and Conditions expressly state that the copyright and trademarks found on the website belong to Defendant (Exhibit E).

36.     The Terms and Conditions state:

Trademarks, service marks, and logos appearing in this site are the property of THE COMPANY or the party that provided the trademarks, service marks, and logos to THE COMPANY.  THE COMPANY and any party that provided trademarks, service marks, and logos to THE COMPANY retain all rights with respect to any of their respective trademarks, service marks, and logos appearing in this site.

This Web site and information contains copyrighted material, trademarks, and other proprietary information. You may not modify, publish, transmit, participate in the transfer or sale of, create derivative works of, or in any way exploit, in whole or in part, any Proprietary or other Material.

37.     Plaintiffs have not consented to or authorized Defendant's use of Tom's Famous Marks or Tom's Works.

38.     Defendant knew, or should have known, of Plaintiffs' well-established and prior rights in and to Tom's Famous Marks and Tom's Works.

39.     Upon receiving Plaintiffs' first cease and desist letter, Defendant had indisputable knowledge of Plaintiffs' prior and exclusive rights in and to Tom's Famous Marks and Tom's Works and of Plaintiffs' objections to Defendant's unlawful use of Tom's Famous Marks and Tom's Works.

40.     Defendant has continued to use Tom's Famous Marks and Tom's Works notwithstanding Defendant's actual knowledge of Plaintiffs' prior and exclusive rights, and Plaintiffs' demands that Defendant cease the illegal conduct alleged in this complaint.

41.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered, and will continue to suffer actual damages, as well as irreparable injury to their copyrights, marks, goodwill and reputation.

42.     Upon information and belief, unless enjoined by this Court, Defendant intends to continue its course of conduct, defaming Plaintiffs and to wrongfully use and infringe upon Tom's Famous Marks and Tom's Works.

## FIRST CAUSE OF ACTION

### Federal Trademark Infringement – Lanham Act

43.     Plaintiffs restate and reallege each of the allegations set forth in the paragraphs above and incorporate them herein by this reference.

44.     As part of its ongoing business, Plaintiffs use and promote *inter alia,* the Tom's Famous Marks.

45.     As a result of Plaintiffs' ongoing advertising, publication and promotional efforts, Tom's Famous Marks are well known and associated exclusively with Plaintiffs' goods and services.

46.     As such Tom's Famous Marks have acquired and enjoy a high degree of distinctness and secondary meaning.

47.     Defendant has incorporated and/or used a copy, variation, simulation or colorable imitation of Tom's Famous Marks in commerce without Plaintiffs' authorization or consent and with full knowledge of the long and extensive prior use of the Tom's Famous Marks by Plaintiffs.

48.     Defendant's use in commerce includes, among others, the use of the Domain Names and on various versions of the websites associated with the Domain Names.

49.     This use is identical to or so resembles Tom's Famous Marks that it is likely to cause confusion, or mistake, or to deceive purchasers, consumers, or the relevant public.

50.     Defendant knew or should have known that its continued use of Tom's Famous Marks in commerce infringes Plaintiffs' trademark rights.

51.     Plaintiffs are informed and believe that the foregoing acts of infringement have been willful and intentional, in disregard of and with indifference to Plaintiffs' rights.

52.     As a result of Defendant's wrongful acts alleged herein, Plaintiffs  have suffered and will continue to suffer monetary damages in an amount to be determined at trial.

53.     Defendant's infringing conduct has caused and unless enjoined, will continue to cause Plaintiffs immediate and irreparable injury.

54.     Plaintiffs are entitled to injunctive relief restraining and enjoining Defendant, its agents, employees, and all persons acting in concert with, on the behalf of or under the authority of Defendant, from using Tom's Famous Marks in violation of Plaintiffs' rights under federal trademark law.

## SECOND CAUSE OF ACTION

### Federal Dilution – Lanham Act

55.     Plaintiffs restate and reallege each of the allegations set forth in the paragraphs above and incorporate them herein by this reference.

56.     By reason of Plaintiffs' extensive advertising and long term use of the Tom's Famous Marks for over forty years, the Tom's Famous Marks have become famous and highly distinctive of Plaintiffs and are uniquely associated with Plaintiffs.

57.     Defendant's above-described actions, which occurred after Tom's Famous Marks acquired fame, have diluted and will, unless restrained, continue to dilute the distinctive quality of Tom's Famous Marks by destroying the exclusive association between Plaintiffs' marks and their goods and services, or otherwise lessening the capacity of Tom's Famous Marks to exclusively identify Plaintiffs and their goods.

58.     Defendant's infringing conduct has caused and unless enjoined, will continue to cause Plaintiffs immediate and irreparable injury.

59.     Plaintiffs are entitled to injunctive relief restraining and enjoining Defendant, its agents, employees, and all persons acting in concert with, on the behalf of or under the authority of Defendant, from using Tom's Famous Marks in violation of Plaintiffs' rights under federal trademark law.

## THIRD CAUSE OF ACTION

### Common Law Trademark Infringement

60.     Plaintiffs restate and reallege each of the allegations set forth in the paragraphs above and incorporates them herein by this reference.

61.     As part of its ongoing business, Plaintiffs use and promote, *inter alia,* the Tom's Famous Marks.

62.     As a result of Plaintiffs' ongoing advertising, publication and promotional efforts, Tom's Famous Marks are well known and associated exclusively with Plaintiffs' goods and services.

63.     As such Tom's Famous Marks have acquired and enjoy a high degree of distinctness and secondary meaning.

64.     Defendant has incorporated and/or used a copy, variation, simulation or colorable imitation of Tom's Famous Marks in commerce without Plaintiffs' authorization or consent and with full knowledge of the long and extensive prior use of the Tom's Famous Marks by Plaintiffs.

65.     Defendant's use in commerce includes, among others, the use of the Domain Names and on various versions of the websites associates with the Domain Names.

66.     This use is identical to or so resembles Tom's Famous Marks that it is likely to cause confusion, or mistake, or to deceive purchasers, consumers, or the relevant public.

67.     Defendant knew or should have known that its continued use of Tom's Famous Marks in commerce infringes Plaintiffs' trademark rights.

68.     Plaintiffs are informed and believe that the foregoing acts of infringement have been willful and intentional, in disregard of and with indifference to Plaintiffs' rights.

69.   As a result of Defendant's wrongful acts alleged herein, Plaintiffs have suffered and will continue to suffer monetary damages in an amount to be determined at trial.

70.   Defendant's infringing conduct has caused and unless enjoined, will continue to cause Plaintiffs immediate and irreparable injury.

71.   Plaintiffs are entitled to injunctive relief restraining and enjoining Defendant, its agents, employees, and all persons acting in concert with, on the behalf of or under the authority of Defendant, from using Tom's Famous Marks in violation of Plaintiffs' rights under California common law.

72.   Plaintiffs are informed and believe, and based thereon allege, that in engaging in the aforementioned acts and conduct, Defendant acted blatantly, maliciously, oppressively and fraudulently, and Plaintiffs are entitled to an award of exemplary damages against Defendant in an amount according to proof and for the purposes of example and punishment.

## FOURTH CAUSE OF ACTION

### Cybersquatting

73.   Plaintiffs restate and reallege each of the allegations set forth in the paragraphs above and incorporate them herein by this reference.

74.   Defendant registered the Domain Names that are identical or confusingly similar to the TOM'S FAMOUS FAMILY RESTAURANTS mark, with a bad faith intent to profit from the use of said domain names.

75.   The TOM'S FAMOUS FAMILY RESTAURANTS mark is distinctive and has acquired secondary meaning due to the extensive marketing and promotion of the mark, and its continuous and exclusive use which gives rise to recognition by the trade and relevant public.

76.   Defendant's use began after the TOM'S FAMOUS FAMILY RESTAURANTS mark was used in commerce by Plaintiffs.

77.   Defendant is not using the Domain Names in connection with any bona fide offering of any goods or services.

78.   As a result of Defendant's wrongful acts alleged herein, Plaintiffs have suffered monetary damage as well as damage to its reputation.

79.    Plaintiffs are entitled to injunctive relief and an order requiring Defendant to cancel all domain names that violate Section 43(d) of the Lanham Act.

80.    At Plaintiffs' election, Plaintiff is also entitled to statutory damages of up to $100,000, but no less than $1,000 per domain name.

## FIFTH CAUSE OF ACTION

### Copyright Infringement

81.    Plaintiffs restate and reallege each of the allegations set forth in the paragraphs above and incorporate them herein by this reference.

82.    Tom's Works are original works of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

83.    Tom's is the sole and exclusive owner of all rights, title and interest in and to the copyrights in Tom's Works.

84.    Upon information and belief, Defendant had access to Tom's Works prior to the public display, distribution and/or creation of derivative work.

85.    Without the permission or authorization of Tom's, Defendant has continued to copy and/or create derivative works of the copyrighted Tom's Works, which are strikingly or substantially similar to Tom's Works.

86.    By the actions, as alleged above, Defendant has infringed and violated Tom's exclusive rights under copyrights in violation of the Copyright Act, 17 U.S.C. §501, by producing, displaying, and distributing the Infringing Works, which are strikingly, or substantially, similar to Tom's Works, all without Tom's authorization or consent.

87.    As a direct and consequential result of Defendant's unlawful conduct, Tom's has suffered substantial monetary loss.

88.    Upon information and belief, Defendant's infringement of Tom's copyrights has been willful and intentional, in disregard of and with indifference to Tom's rights.

89.    Upon information and belief, unless enjoined by this Court, Defendant intends to continue its course of conduct and to wrongfully use, infringe upon, distribute and otherwise profit from its infringing conduct.

90.     Defendant's conduct has caused and will continue to cause irreparable injury to Tom's unless enjoined by this Court.  Tom's has no adequate remedy at law.

91.     As a direct and consequential result of Defendant's willful and intentional infringement of Tom's exclusive rights under the Copyright Act, 17 U.S.C. §501, Tom's is entitled to actual damages in an amount to be determined at trial, or at Tom's election statutory damages, including damages for willful infringement of up to $150,000 for each infringement, attorneys' fees, and injunctive relief.

## SIXTH CAUSE OF ACTION

### Defamation - Libel Per Se

92.     Plaintiffs restate and reallege each of the allegations set forth in the paragraphs above and incorporate them herein by this reference.

93.     Defendant has made defamatory statements falsely accusing Plaintiffs of, among other things, employing illegal immigrants, knowingly accepting fraudulent identification papers, and failing to pay taxes and workers compensation insurance for its workers.

94.     The defamatory statements were published on the Internet on the various websites associated with the Domain Names.

95.     The defamatory statements were made by Defendant intentionally, willfully, and with malice in that the Defendant knew such statements were false and/or acted with reckless disregard as to whether such statements were false.

96.     The natural and intended consequences drawn from the defamatory statements were to harm Plaintiffs' reputation, and to lower Plaintiffs in the estimation of Plaintiffs' customers and the community.

97.     The defamatory statements expressly allege that Plaintiffs' business practices are illegal and constitute criminal conduct.

98.     The defamatory statements are incompatible with Plaintiffs' business.

99.     The Defendant has no qualified or other privilege to publish the defamatory statements and/or the Defendant abused a conditional privilege in publishing these statements.

100.    As a direct and proximate result of the defamatory statements referenced above, Plaintiffs have suffered injury to its business, its reputation and its standing within the community.

## SEVENTH CAUSE OF ACTION

### Violation of California Business & Professions Code §17200 *et. seq.*

101.    Plaintiffs restate and reallege each of the allegations set forth in the paragraphs above and incorporate them herein.

102.    Defendant's conduct as alleged herein constitutes unlawful, unfair or fraudulent business acts or practices within the meaning of California Business and Professions Code §§ 17200, *et seq.*

103.    California Business and Professions Code §§ 17200, *et seq.*, provides that unfair competition shall mean and include all unlawful, unfair or fraudulent business practices, among other things.

104.    Defendant has engaged and continues to engage in unfair, fraudulent and deceptive acts and omissions.

105.    The Defendant's unfair, fraudulent and deceptive acts and omissions constitute a violation of California Business and Professions Code §§ 17200, *et seq.*

106.    As a result of Defendant's unfair, fraudulent and deceptive conduct described above Plaintiffs have suffered damages, and Defendant has been and will continue to be unjustly enriched, in amounts to be determined at trial.

107.    Plaintiffs are informed and believe, and based thereon allege, Defendant's unlawful, unfair or fraudulent business acts or practices have been and continue to be intentional and willful.

108.    Plaintiffs are informed and believe, and based thereon allege, that in engaging in the aforementioned acts and conduct, Defendant acted maliciously, oppressively and fraudulently, and have been unjustly enriched.

109.    Defendant's unfair business practices have caused Plaintiffs irreparable harm, and Plaintiffs will continue to suffer irreparable injury unless Defendant is enjoined from continuing these unlawful, unfair, and fraudulent business acts or practices.

## PRAYER

**WHEREFORE** Plaintiffs pray for the following relief as to all causes of action:

1.    Judgment stating:

    (a)   Defendant has infringed Plaintiffs' trademarks, in violation of the Lanham Act;

    (b)   Defendant has diluted Plaintiffs' trademarks, in violation of the Lanham Act;

    (c)   Defendant has infringed Plaintiffs' trademarks under California common law;

    (d)   Defendant has engaged in cyberpiracy, in violation of 15 U.S.C. § 1125(a);

    (e)   Defendant has infringed Plaintiffs' copyright, in violation of the Copyright Act;

    (f)   Defendant has engaged in unfair competition, in violation of California Business and Professions Code § 17200;

    (g)   Defendant has engaged in libel per se; and

    (h)   Defendant has otherwise injured Plaintiffs though the actions described above.

2.    A preliminary and permanent injunction prohibiting and restraining Defendant, its agents, employees, and all persons acting in concert with, on the behalf of or under the authority of Defendant from:

    (a)   Using or authorizing any third party to use any of Tom's Famous Marks or any confusingly similar variations thereof, as a trademark, service mark, domain name, business name, trade name or symbol of origin in any manner or form, on or in connection with any business, products or services, or in the marketing, advertising and promotion of same;

    (b)   imitating, copying or making any unauthorized use of Tom's Famous Marks mark or any copy, simulation, or variation thereof;

    (c)   diluting the distinctive quality of Tom's Famous Marks;

    (d)   copying, displaying, distributing or making derivative copies of Tom's Works;

    (e)   making or displaying any defamatory statements or representations about Plaintiff or its business;

    (f)   engaging in any acts or omissions that constitute unfair competition;

(g)     aiding, assisting or abetting any other party in doing any act prohibited by sub-paragraphs (a) through (f).

3.     An order to transfer ownership of the Domain Names to Plaintiffs;

4.     An award of monetary damages that takes into account Defendant's profits and actual damages sustained by Plaintiffs, including increased damages and costs as the Court deems appropriate;

5.     Disgorgement of all gains, profits, advantages and unjust enrichment derived by Defendant from its unlawful acts and other violations of law;

6.     An award of prejudgment interest, costs and disbursements, and exemplary damages;

7.     An award of attorney fees and associated legal costs of the suit;

8.     An order finding this case is an exceptional case within the meaning of 15 U.S.C. § 1117 and an award of treble damages and reasonable attorneys' fees;

9.     At Plaintiffs' election, an award of statutory damages for willful copyright infringement in the amount of $450,000;

10.     An award of statutory damages for cybersquatting in the amount of $300,000; and

11.     Such other and further relief as the Court may deem appropriate.


Respectfully submitted,

Dated:  January 7, 2011          **DUANE MORRIS LLP**

By: _____
Julie Volgelzang
Michelle Hon Donovan
Attorneys for Plaintiff

DM1\2448660.1

# EXHIBIT A

**Tom's Famous Marks**





**TOM'S FAMOUS FAMILY RESTAURANTS**

**WHERE EVERY BITE IS A DELIGHT!**

# EXHIBIT B

# TOM'S FAMOUS FAMILY RESTAURANTS

**Boycott – Report to ICE – Routinely Employs illegal Immigrants**

**Owned & Operated by Nikiforos Valaskantjis Georgian Valaskantjis sons Perry Georg**





# EXHIBIT C

Tom's Famous Family Restaurants | OFFICIAL SITE

Public service message

**Stand up America, report all suspected illegal alien employers to I.C.E.**
**Rewards Possible - Anonymous Toll Free Hotline: 888-DHS-2-ICE**

Review Ticker - Welcome Burger Lovers - During your next visit to any of Tom's locations throughout Southern Californi

# Tom's Famous Family Restaurants - Review
### Where every bite may be prepared by illegal aliens!

TomsFamousFamilyRestaurants-Review.com, is an anti-Toms Famous Family Restaurants website created with the sole purpose of exposing the "Tom's Famous Family Restaurants" way of doing business in America. We are committed to assisting the public in making informed decisions about Tom's Famous Family Restaurants with the opinions expressed.

# Tom's Famous Family Restaurants - Home Page

**Free Coupon** - free double cheese burgers, chili fries, steak dinner, family night.

Who is the Valaskantjis family behind the Tom's Famous Family Restaurants?

The Valaskantjis family knowingly without reservation employs cheap illegal Mexican alien labor while willfully turning a blind eye to false and fraudulent identification papers of the illegal's they employ. The family provides housing for employees in exchange for reduced wages whereby the employees unknowingly help the family real estate empire holdings grow. The family fails to properly report and pay government payroll taxes & workers compensation insurance premiums through this unreported reduced wages-in-exchange for housing scheme.

The Valaskantjis family has built a multi-million dollar family business and property holding empire that include large high end residential houses, a chain of 23 plus hamburger restaurants throughout Southern California that routinely employ cheap illegal Mexican aliens.

Some of the spoils the family enjoy as a result of their illegal activities include, the huge, enormous, multi-million dollar family mansion located at 97 Marbella. San Clemente, CA where large fundraising gala events are held. Large expensive homes for all their sons, the family fleet of Mercedes Benz vehicles, oh, and their private boat named *St George* moored in the harbor. It's widely published the family routinely and generously donates to local politicians and various Greek churches throughout Southern California.

Tom's Famous Family Restaurants | OFFICIAL SITE                                                Page 2 of 6



If you feel like most Americans (ANGRY) with employers who knowingly hire illegal aliens thereby taking jobs away from Americans and destroying the quality of life in America for their own personal financial greet, *call or fax them and give them an ear full of your anger.*

Nikiforos & Georgian Valaskantjis, 97 Marbella. San Clemente, CA 92672
Tel. (949) 661-5629 Fax. (949) 493-9414

George Valaskantjis, 2280 E Woodlyn Drive. Pasadena, CA 91104

Perry & Christina Valaskantjis, 41942 Calle Californios. Lancaster, CA 93536
*ChristinaKotsiovos Valaskantjis*
Member of the California State Bar Association, CA BAR #242419
The State Bar of California – ethics violations – Toll free Hotline: 800-843-9053

Peter Valaskantjis  3642 Camino Vista, Lancaster, CA 93536
Peter Valaskantjis  2902 Camden Drive. Vista, CA 92081

If you have comments you wish to share with the **Internal Revenue Service**, you may contact them at: www.irs.gov or write: Internal Revenue Service Fresno, CA 93888.
**Toll free Hotline: 800-829-0433**

If you have comments you wish to share with the **Immigration and Customs Enforcement, I.C.E.**, you may contact them at: www.ice.gov  **Toll free Hotline: 1-866-DHS-2-ICE**

For further reporting agencies and information www.americanchaos.wordpress.com/how-to/

**Southern California Locations:**

| | | |
|---|---|---|
| #19. 22095 Highway 18. Apple Valley | CA 92307 | (760) 247-7017 |
| #20. 18313 Outer Hwy 18. Apple Valley | CA 92307 | (760) 242-7727 |
| #14. 3484 Gage Ave. Bell | CA 90201 | (323) 581-6277 |
| #23. 505 W 5th Ave. Escondido | CA 92025 | (760) 737-2377 |
| #16. 16727 Bear Valley Rd. Hesperia | CA 92345 | (760) 949-1815 |
| #17. 15678 Main St. Hesperia | CA 92345 | (760) 947-8801 |
| #06. 5624 Pacific Ave. Huntington Park | CA 90255 | (323) 581-8179 |
| #26. 1805 W Ave. J. Lancaster | CA 93534 | (661) 729-5777 |
| #15. 2010 Firestone Bl. Los Angeles | CA 90001 | (323) 582-2731 |
| #05. 3655 Imperial Hwy. Lynwood | CA 92062 | (310) 631-8633 |
| #07. 5571 Cahuenga Bl. North Hollywood | CA 91601 | (818) 762-2147 |
| #25. 695 W Palmdale Blvd. Palmdale | CA 93551 | (661) 947-9777 |
| #27. 37959 47th Street E. Palmdale | CA 93552 | (661) 533-2777 |
| #29. 1327 E. Palmdale Bl. Palmdale | CA 93550 | (661) 947-8777 |
| #12. 282 E Mission St. Pomona | CA 91766 | (909) 622-1107 |
| #18. 1190 E Philadelphia St. Pomona | CA 91766 | (909) 627-0878 |
| #28. 2642 W Rosemead Blvd. Rosemead | CA 93560 | (661) 256-7778 |
| #22. 1205 San Marcos Bl. San Marcos | CA 92069 | (760) 752-7774 |
| #11. 8121 State St. South Gate | CA 90280 | (323) 563-1717 |

Tom's Famous Family Restaurants | OFFICIAL SITE                    Page 5 of 6

| | | |
|---|---|---|
| #08. 1947 Santa Anita Ave. South El Monte | CA 91733 | (626) 579-5750 |
| #09. 1101 Avalon Ave. Wilmington | CA 90744 | (310) 518-3164 |
| #21. 14084 Amargosa Rd. Victorville | CA 91766 | (760) 241-7770 |
| #24. 1110 Sycamore Ave. Vista | CA 92081 | (760) 727-4077 |

Number of locations: 23

*KEEP READING*

America's hospital waiting rooms over flow with illegal aliens and their public assistance receiving deliberately breed anchor babies. Their anchor babies regularly receive hundreds and thousands of dollars monthly in public assistance, free health care and various other free special benefits, all from your hard earned tax dollars.

California alone is estimated to be spending 20 BILLION DOLLARS annually on illegal aliens and their usual huge family of anchor babies through school cost, hospital cost, jail and prison cost, not including the cost of the crimes they commit.

Our English speaking American born children feel like foreigners in their own classrooms while watching anchor children receive special attention, special privileges, special programs and free lunches, all courtesy of American's hard earned tax dollars.

Are you aware the INS & IRS reward people who report businesses that hire and employ illegal aliens? The INS routinely seizes businesses and then sells the property, equipment and anything purchased, (homes, vehicles, investment property) with the proceeds made from the businesses. A San Diego California bakery shop owner had his business seized, (http://www.freerepublic.com/focus/f-news/2500447/posts) the family home seized and his rental property seized by the INS. Don't think for a minute it doesn't happen, it does and with enough repeated reporting by pissed off citizens, with the possibility of a reward, changes can happen.

I'm standing up because of the hundreds of thousands who died fighting in wars for this country, and for the American flag.

If you agree, stand up with me. If you disagree, stop reading right now.

And shame on anyone who tries to make this message racist.

You are all welcome here in USA, welcome to come legally.

If you don't want to share this for fear of offending someone then you're part of the problem!

BE PROUD, STAND UP AND SHOW YOUR PATRIOTISM AND SUPPORT FOR AMERICA

REPORT THE CRIMINAL EMPLOYERS WHO ARE DESTROYING OUR AMERICA!

**Federal Immigration and Nationality Act Title 8 USC 1324(a)(1)(A)(iv)(b)(iii)**

"Any person who . . . encourages or induces an alien to . . . reside . . . knowing or in reckless disregard of the fact that such . . . residence is . . . in violation of law, shall be punished as provided . . . for each alien in respect to whom such a violation occurs . . . fined under title 18 . . . imprisoned not more than 5 years, or both."
Section 274 felonies under the federal Immigration and Nationality Act, INA 274A(a)(1)(A):

A person (including a group of persons, business, organization, or local government) commits a federal felony when she or he:
* assists an alien s/he should reasonably know is illegally in the U.S. or who lacks employment authorization, by transporting, sheltering, or assisting him or her to obtain employment, or
* encourages that alien to remain in the U.S. by referring him or her to an employer or by acting as employer or agent for an employer in any way, or
* knowingly assists illegal aliens due to personal convictions.

Penalties upon conviction include criminal fines, imprisonment, and forfeiture of vehicles and real property used to commit the crime. Anyone employing or contracting with an illegal alien without verifying his or her work authorization status is guilty of a misdemeanor. Aliens and employers violating immigration laws are subject to arrest, detention, and seizure of their vehicles or property. In addition, individuals or entities who engage in racketeering enterprises that commit (or conspire to commit) immigration-related felonies are subject to private civil suits for treble damages and injunctive relief.

**Hiring Illegal Aliens:** Title 8 U.S.C. § 1324a(a)(1)(A) makes it unlawful for any person or other entity to hire, recruit,

Tom's Famous Family Restaurants | OFFICIAL SITE                                    Page 4 of 6

or refer for a fee, for employment in the United States an alien knowing the alien is an unauthorized alien, as defined in subsection 1324a(h)(3). Subsection 1324a(2) makes it unlawful for any person or entity, after hiring an alien for employment, to continue to employ the alien in the United States knowing the alien is or has become an unauthorized alien with respect to such employment.

**Recruitment and Employment of Illegal Aliens**
It is unlawful to hire an alien, to recruit an alien, or to refer an alien for a fee, knowing the alien is unauthorized to work in the United States. It is equally unlawful to continue to employ an alien knowing that the alien is unauthorized to work. Employers may give preference in recruitment and hiring to a U.S. citizen over an alien with work authorization only where the U.S. citizen is equally or better qualified. It is unlawful to hire an individual for employment in the United States without complying with employment eligibility verification requirements. Requirements include examination of identity documents and completion of Form I-9 for every employee hired. Employers must retain all I-9s, and, with three days' advance notice, the forms must be made available for inspection. Employment includes any service or labor performed for any type of remuneration within the United States, with the exception of sporadic domestic service by an individual in a private home. Day laborers or other casual workers engaged in any compensated activity (with the above exception) are employees for purposes of immigration law. An employer includes an agent or anyone acting directly or indirectly in the interest of the employer. For purposes of verification of authorization to work, employer also means an independent contractor, or a contractor other than the person using the alien labor. The use of temporary or short-term contracts cannot be used to circumvent the employment authorization verification requirements. If employment is to be for less than the usual three days allowed for completing the I-9 Form requirement, the form must be completed immediately at the time of hire.

An employer has constructive knowledge that an employee is an illegal unauthorized worker if a reasonable person would infer it from the facts. Constructive knowledge constituting a violation of federal law has been found where (1) the I-9 employment eligibility form has not been properly completed, including supporting documentation, (2) the employer has learned from other individuals, media reports, or any source of information available to the employer that the alien is unauthorized to work, or (3) the employer acts with reckless disregard for the legal consequences of permitting a third party to provide or introduce an illegal alien into the employer's work force. Knowledge cannot be inferred solely on the basis of an individual's accent or foreign appearance.

Actual specific knowledge is not required. For example, a newspaper article stating that ballrooms depend on an illegal alien work force of dance hostesses was held by the courts to be a reasonable ground for suspicion that unlawful conduct had occurred.

IT IS ILLEGAL FOR NONPROFIT OR RELIGIOUS ORGANIZATIONS to knowingly assist an employer to violate employment sanctions, REGARDLESS OF CLAIMS THAT THEIR CONVICTIONS REQUIRE THEM TO ASSIST ALIENS. Harboring or aiding illegal aliens is not protected by the First Amendment. It is a felony to establish a commercial enterprise for the purpose of evading any provision of federal immigration law. Violators may be fined or imprisoned for up to five years.

**Encouraging and Harboring Illegal Aliens**
It is a violation of law for any person to conceal, harbor, or shield from detection in any place, including any building or means of transportation, any alien who is in the United States in violation of law. HARBORING MEANS ANY CONDUCT THAT TENDS TO SUBSTANTIALLY FACILITATE AN ALIEN TO REMAIN IN THE U.S. ILLEGALLY. The sheltering need not be clandestine, and harboring covers aliens arrested outdoors, as well as in a building. This provision includes harboring an alien who entered the U.S. legally but has since lost his legal status.

An employer can be convicted of the felony of harboring illegal aliens who are his employees if he takes actions in reckless disregard of their illegal status, such as ordering them to obtain false documents, altering records, obstructing INS inspections, or taking other actions that facilitate the alien's illegal employment. Any person who within any 12-month period hires ten or more individuals with actual knowledge that they are illegal aliens or unauthorized workers is guilty of felony harboring. It is also a felony to encourage or induce an alien to come to or reside in the U.S. knowing or recklessly disregarding the fact that the alien's entry or residence is in violation of law. This crime applies to any person, rather than just employers of illegal aliens. Courts have ruled that "encouraging" includes counseling illegal aliens to continue working in the U.S. or assisting them to complete applications with false statements or obvious errors. The fact that the alien is a refugee fleeing persecution is not a defense to this felony, since U.S. law and the UN Protocol on Refugees both require that a refugee must report to immigration authorities without delay upon entry to the U.S.

The penalty for felony harboring is a fine and imprisonment for up to five years. The penalty for felony alien smuggling is a fine and up to ten years' imprisonment. Where the crime causes serious bodily injury or places the life of any person in jeopardy, the penalty is a fine and up to twenty years' imprisonment. If the criminal smuggling or harboring results in the death of any person, the penalty can include life imprisonment. Convictions for aiding, abetting, or conspiracy to commit alien smuggling or harboring, carry the same penalties. Courts can impose consecutive prison sentences for each alien smuggled or harbored. A court may order a convicted smuggler to pay restitution if the alien smuggled qualifies as a victim under the Victim and Witness Protection Act. Conspiracy to

Tom's Famous Family Restaurants | OFFICIAL SITE                                    Page 5 of 6

commit crimes of sheltering, harboring, or employing illegal aliens is a separate federal offense punishable by a fine of up to $10,000 or five years' imprisonment.

**Enforcement**

A person or entity having knowledge of a violation or potential violation of employer sanctions provisions may submit a signed written complaint to the INS office with jurisdiction over the business or residence of the potential violator, whether an employer, employee, or agent. The complaint must include the names and addresses of both the complainant and the violator, and detailed factual allegations, including date, time, and place of the potential violation, and the specific conduct alleged to be a violation of employer sanctions. By regulation, the INS will only investigate third-party complaints that have a reasonable probability of validity. Designated INS officers and employees, and all other officers whose duty it is to enforce criminal laws, may make an arrest for violation of smuggling or harboring illegal aliens.

State and local law enforcement officials have the general power to investigate and arrest violators of federal immigration statutes without prior INS knowledge or approval, as long as they are authorized to do so by state law. There is no extant federal limitation on this authority. The 1996 immigration control legislation passed by Congress was intended to encourage states and local agencies to participate in the process of enforcing federal immigration laws. Immigration officers and local law enforcement officers may detain an individual for a brief warrantless interrogation where circumstances create a reasonable suspicion that the individual is illegally present in the U.S. Specific facts constituting a reasonable suspicion include evasive, nervous, or erratic behavior; dress or speech indicating foreign citizenship; and presence in an area known to contain a concentration of illegal aliens. Hispanic appearance alone is not sufficient. Immigration officers and police must have a valid warrant or valid employer's consent to enter workplaces or residences. Any vehicle used to transport or harbor illegal aliens, or used as a substantial part of an activity that encourages illegal aliens to come to or reside in the U.S. may be seized by an immigration officer and is subject to forfeiture. The forfeiture power covers any conveyances used within the U.S.

**RICO – Citizen Recourse**

Private persons and entities may initiate civil suits to obtain injunctions and treble damages against enterprises that conspire to or actually violate federal alien smuggling, harboring, or document fraud statutes, under the Racketeer-Influenced and Corrupt Organizations (RICO). The pattern of racketeering activity is defined as commission of two or more of the listed crimes. A RICO enterprise can be any individual legal entity, or a group of individuals who are not a legal entity but are associated in fact, AND CAN INCLUDE NONPROFIT ASSOCIATIONS.

**Tax Crimes**

Employers who aid or abet the preparation of false tax returns by failing to pay income or Social Security taxes for illegal alien employees, or who knowingly make payments using false names or Social Security numbers, are subject to IRS criminal and civil sanctions. U.S. nationals who have suffered intentional discrimination because of citizenship or national origin by an employer with more than three employees may file a complaint within 180 days of the discriminatory act with the Special Counsel for Immigration-Related Unfair Employment Practices, U.S. Department of Justice. In addition to the federal statutes summarized, state laws and local ordinances controlling fair labor practices, workers compensation, zoning, safe housing and rental property, nuisance, licensing, street vending, and solicitations by contractors may also apply to activities that involve illegal aliens.

---

## Feds' (OBAMA) push to seize restaurant a rare one Illegal workers at heart of French Gourmet case

http://www.signonsandiego.com/news/2010/apr/25/feds-push-to-seize-restaurant-a-rare-one/ | Greg Moran

For more than three decades, The French Gourmet restaurant has been serving high-end cuisine in its 45-seat dining room, catering events across the county, and producing hundreds of wedding cakes annually.

But now the business on Turquoise Avenue in Pacific Beach finds itself the target of federal immigration authorities and prosecutors who want more than just a great Coquille St. Jacques or strawberry bagatelle cake.

In an indictment released last week, the government said it wants the property where the iconic restaurant has done business since 1979.

That move makes the case against The French Gourmet more than a simple immigration enforcement case. Prosecutors could have several reasons for seeking the property, legal experts said. They may want to make a prominent example of the restaurant as they pursue businesses that hire illegal workers. Or perhaps they want to increase the stakes and the pressure to get guilty pleas.

Whatever the reason, such a move is a rare and maybe even unprecedented wrinkle in the federal government's enforcement program that for the past year has focused on employers who hire illegal workers.

Virginia Kice, a spokeswoman for U.S. Immigration and Customs Enforcement, said she was unaware of any other instances in which a business was seized as the result of a work-site violation criminal case.

Tom's Famous Family Restaurants | OFFICIAL SITE                                                Page 6 of 6

On Wednesday, the U.S. Attorney's Office unsealed the indictment charging owner Michel Malécot, the restaurant corporation that he heads and manager and pastry chef Richard Kauffmann with knowingly hiring undocumented workers.

The indictment seeks criminal forfeiture of the two land parcels the business occupies, which records show have an assessed value of more than $1.3 million.

Malécot and Kauffmann pleaded not guilty to charges of conspiracy, false attestation and harboring illegal immigrants. The government alleges the restaurant for several years had a "pattern and practice" of hiring illegal immigrants and continued to employ them after being told that the workers' Social Security numbers were bogus.

On Friday, Malécot said that he was "very shocked" by the indictment and the charges. While he said he has been heartened by an outpouring of support from longtime customers and others, he said he was worried by the specter of losing his business.

"Of course I'm concerned," he said. "We've worked for so many years on that property."

The indictment is in one sense the latest example of a stepped-up effort by the Obama administration to attack illegal immigration by cracking down on the employers who hire them. Several high-profile cases, including one in Maryland and another in Illinois, targeted restaurants, an industry that historically has been a magnet for illegal workers.

In recent years, as the government has stepped up enforcement against employers who hire illegal workers, it also has increased its use of forfeiture laws to seize assets of companies that are criminally charged.

In 2006, the two principals in the Golden State Fence Co., a Riverside company that had an office in Oceanside, pleaded guilty to hiring illegal immigrants and forfeited $4.7 million.

Josie Gonzalez, the lawyer who helped defend the company and its owner, said forfeiture — once largely used in narcotics or money laundering cases — is being used more often against employers who hire illegal workers.

"It's a new enforcement tactic and a way that the government can get more money than what the fine in the statute calls for," Gonzalez said.

BE PROUD, STAND UP AND SHOW YOUR PATRIOTISM AND SUPPORT FOR AMERICA

REPORT THE CRIMINAL EMPLOYERS WHO ARE DESTROYING OUR AMERICA!



HOME || TERMS OF USE
Copyright © 2010 All Rights Reserved Worldwide.

# EXHIBIT D

tom's famous family restaurant - Google Search



Web   Images   Videos   Maps   News   Shopping   Gmail   more ▼

Web History | Search settings | Sign in

tom's famous family restaurant                          [ Search ]

Page 2 of about 13,400,000 results (0.38 seconds)                    Advanced search

Everything

Images

Videos

News

Shopping

Places

More

Philadelphia, PA
Change location

All results

Timeline

More search tools

**Hotels near Tom's Famous Family Restaurant - Map of Tom's Famous ...**
Map of hotels near Tom's Famous Family Restaurant, Escondido: Locate Escondido
hotels around Tom's Famous Family Restaurant based on popularity, price, ...
www.tripadvisor.com/LocalMaps-g32358-d913509-Tom_s_Famous_Family_Restaurant-
Area.html - Cached

**Tom's Famous Family Restaurant Reviews, Escondido, California ...**
☆☆☆☆☆ 3 reviews
Tom's Famous Family Restaurant, Escondido: See unbiased reviews of Tom's Famous
Family Restaurant, rated 3.5 of 5 on TripAdvisor and ranked #23 of 98 ...
www.tripadvisor.ca/Restaurant_Review-g32358-d913509-Reviews-Tom_s_
Famous_Family_Restaurant-Escondido_California.html - Cached

**Tom's Famous Family Restaurant - Huntington Park, CA**
☆☆☆☆☆ 2 reviews
Mar 9, 2010 ... 2 Reviews of Tom's Famous Family Restaurant "burgers are good
depending on what you get the best are chicken sandwiches and chili cheese ...
www.yelp.com/biz/toms-famous-family-restaurant-huntington-park - Cached

**Tom's 24 Famous Family Rstrnt - Vista, CA - Restaurant in Vista ...**
Category: Restaurants, Restaurants in Vista, CA. Offers: ; Food. View Tom's 24 Famous
Family Rstmt company information, financial reports and contacts.
www.manta.com/c/mm3w7k9/tom-s-24-famous-family-rstrnt - Cached

**Tom's Famous Family Restaurant - Escondido, CA**
☆☆☆☆☆ 29 reviews · Price range: $
Read reviews of Tom's Famous Family Restaurant in Escondido, CA ": "
www.restaurantdb.net/restaurant/toms-famous-family-restaurant-escondido - Cached

**Tom's No 23 Famous Family Restaurant, Escondido CA 92025 ...**
MerchantCircle.com — Tom's No 23 Famous Family Restaurant of 505 W 5th Ave,
Escondido, CA. Phone: 760-737-2377. . Find coupons, blogs, and newsletters in ...
www.merchantcircle.com › Top › CA › Escondido › 92025 - Cached

**Tom's Famous Family Restaurant**
☆☆☆☆☆ 2 reviews
"My family really likes eating here. I don't care for their breakfast, but for lunch and dinner I
have tried a large rang"
www.insiderpages.com/b/.../toms-famous-family-restaurant-escondido - Cached

**Tom's Famous Family Restaurants | OFFICIAL SITE**
Welcome – The Valaskantjis family invites you to visit all their 21 Southern California
locations. WARNING: crazy FREE discount coupons online.
www.tomsfamousfamilyrestaurants.com/ - Cached

**Tom's 24 Famous Family Restaurant, Vista, CA**
Tom's 24 Famous Family Restaurant on Sycamore Ave in Vista, CA is in the Beach
California section(s) Full-Service Restaurants. The map of Tom's 24 Famous ...
www.beachcalifornia.com/.../restaurants/.../1-toms-760-727-4077.html - Cached

**Tom's 24 Famous Family Restaurant, Vista, CA 92081 | MenuPix San
Diego**
Tom's 24 Famous Family Restaurant - View the menu for Tom's 24 Famous Family
Restaurant as well as maps, restaurant reviews for Tom's 24 Famous Family ...
⊞ Show map of 1110 Sycamore Ave, Vista, CA 92081-7819
www.menupix.com/.../restaurants/.../Toms-24-Famous-Family-Restaurant-Vista-CA -
Cached · Similar

Searches related to **tom's famous family restaurant**
tom jones family restaurant
tom family restaurant sackville
frank famous family restaurant

◁ G o o o o o o o o o o o g l e ▷
Previous   1  2  3  4  5  6  7  8  9  10 11   Next


tom's famous family restaurant                          [ Search ]

Search within results    Search Help    Give us feedback

Google Home    Advertising Programs    Business Solutions    Privacy    About Google

```
                          www.tomsfamousfamilyrestaurants[1]
<!DOCTYPE HTML PUBLIC "-//W3C//DTD HTML 4.01 Transitional//EN"
"http://www.w3.org/TR/html4/loose.dtd">
<html>
<head>
<meta http-equiv="Content-Type" content="text/html; charset=utf-8">
<title>Tom's Famous Family Restaurants | OFFICIAL SITE</title>
<meta name="description" content="Welcome - The Valaskantjis family invites you to
visit Tom's Famous Family Restaurants. WARNING: crazy FREE discount coupons online
and reviews">
<meta name="keywords" content="nikiforos g valaskantjis, georgian n valaskantjis,
505 5th Escondido, 1805 J Lancaster,695 palmdale blvd, 37959 47th palmdale, 1190
philadelphia Pomona, 1205 san marcos blvd,14084 amargoa road, 1110 sycamore ave">
<link rel="stylesheet" type="text/css" href="style.css">
<meta name="googlebot" content="index, follow">
<script type="text/javascript">

  var _gaq = _gaq || [];
  _gaq.push(['_setAccount', 'UA-20431895-1']);
  _gaq.push(['_trackPageview']);

  (function() {
    var ga = document.createElement('script'); ga.type = 'text/javascript'; ga.async
= true;
    ga.src = ('https:' == document.location.protocol ? 'https://ssl' : 'http://www')
+ '.google-analytics.com/ga.js';
    var s = document.getElementsByTagName('script')[0];
s.parentNode.insertBefore(ga, s);
  })();

</script>
<style type="text/css">
<!--
.style1 {color: #0066FF}
.style2 {
        color: #FF0000;
        font-weight: bold;
}
-->
</style>
</head>
<body>
<div id="banner"><img src="images/ps-ad.jpg" alt="Public Service Message"
width="646" height="89" border="0"></div>
<br>
<table style="margin: 0 auto; width:960px; border: 1px solid red;" cellspacing="0"
cellpadding="0">
      <tr>
        <td width="16%" style="text-align: center; color: #000000;
background:#00CC00;"><strong>Review Ticker</strong></td>
        <td width="84%" style="background:#FFFF00;">
        <marquee direction="left" behavior="scroll" scrollamount="4">
        <span style="font-family:Arial, Helvetica, sans-serif; font-size:16px;
font-weight:bold; background:#FFFF00; font-weight:bold; margin: 0 10px 0 10px;">
<span style="color:#000000;">Welcome Burger Lovers - During your next visit
to</span> <span style="color:#ff0000;">any of Tom's locations</span> <span
style="color:#000000;">throughout Southern California, be sure to ask about a 2 for
1</span> <span style="color:#ff0000;">DISCOUNT COUPON SPECIAL. Tell them you saw it
here on the website.</span> <span style="color:#000000;"> 2 for 1 double cheese
burgers, 2 for 1 onion rings, 2 for 1 hamburger combo specials, 2 for 1 giant
pastrami combo, 2 for 1 steak dinners, 2 for 1 tacos, 2 for 1 large sodas. <span
style="color:#ff0000;">Mention Discount Coupon Code: Tom's Website
Specials</span></span></span>
        </marquee></td>
```

```
                            www.tomsfamousfamilyrestaurants[1]
          </tr>
</table><br>
<div id="wrap">
<div id="top"></div>
<div id="header"></div>
          <div style="text-align: center; font-size:9px; line-height:100%; margin: 10px
20px 30px 20px;"><img src="images/disclaimer.jpg" alt="Disclaimer" width="880"
border="0"></div>
          <table width="85%" border="0" cellpadding="0" cellspacing="0" id="content"
style="margin: 0 auto; width:90%; height:550px;">
          <tr>
                    <td valign="top"><h1>Tom's Famous Family Restaurants - Home Page</h1>
                    <p> </p>
                    <p><strong>Free  Coupon</strong> - free double cheese burgers,
chili fries, steak dinner, family night.<br>
                    </p>
                    <p style="color:#0070c0; font-size:11pt;"> </p>
                    <p>Who  is the  Valaskantjis family behind the Tom's Famous
Family Restaurants?</p>
                    <p>The Valaskantjis family knowingly without  reservation
employs cheap illegal Mexican alien labor while willfully turning  a  blind eye to
false and fraudulent identification papers of the illegal's they  employ. The family
provides housing for employees in exchange for reduced wages  whereby the employees
unknowingly help the family real estate empire holdings  grow. The family fails to
properly report and pay government payroll taxes  &amp; workers compensation
insurance premiums through this unreported reduced  wages-in-exchange for housing
scheme.</p>
                    <p>The Valaskantjis family has built a  multi-million dollar
family business and property holding empire that include large  high end residential
houses, a chain of 23 plus hamburger restaurants  throughout Southern California
that routinely employ cheap illegal Mexican  aliens.</p>
                    <p>Some of the spoils the family enjoy as a  result of their
illegal activities include, the huge, enormous, multi-million  dollar family mansion
located at 97 Marbella. San Clemente, CA where large  fundraising gala events are
held. Large expensive homes for all their sons, the  family fleet of Mercedes Benz
vehicles, oh, and their private boat named <em>"St George" </em>moored in the
harbor. It's  widely published the family routinely and generously donates to local
politicians and various Greek churches throughout Southern California.</p>
                    <div align="center"><img src="images/97marbella.jpg" alt="Tom's
home" width="430" border="0"></div>
                    <p> </p>
                    <p>If you feel like most Americans (<strong><span
style="color:#FF0000;">ANGRY</span></strong>)  with employers who knowingly hire
illegal aliens thereby taking jobs away from  Americans and destroying the quality
of life in America for their own personal  financial greet, <strong><em><span
style="color:#FF0000;"><u>call or fax them and give them an ear  full of your
anger</u></span>.</em></strong></p>
                    <p>Nikiforos & Georgian Valaskantjis, 97 Marbella. San Clemente,
CA 92672<br>
                    Tel. (949) 661-5629 Fax. (949) 493-9414</p>
                    <p>George Valaskantjis, 2280 E Woodlyn Drive.  Pasadena, CA
91104</p>
                    <p>Perry &amp; Christina Valaskantjis, 41942 Calle  Californios.
Lancaster, CA 93536<br>
                    <span
class="style1"><em><em>Christina</em></em></em>Kotsiovos <em><em>Valaskantjis
</em></em></em><br>
                    Member of  the California State Bar Association</span>, CA
BAR #242419<br>
                    <span style="color:#FF0000;">The State Bar of California –
ethics violations  - <strong>Toll free Hotline: 800-843-9053</strong></span></p>
                    <p>Peter Valaskantjis  3642 Camino Vista,  Lancaster, CA
93536<br>
```

```
                    www.tomsfamilyrestaurants[1]
                    Peter Valaskantjis  2902 Camden
Drive. Vista, CA 92081 </p>
          <p>If you have comments you wish to share with  the
<strong>Internal Revenue Service</strong>, you  may contact them at: www.irs.gov or
write: Internal Revenue  Service Fresno, CA 93888.<br>
             <span class="style2">Toll free Hotline: 800-829-0433</span> </p>
          <p>If you have comments you wish to share with  the
<strong>Immigration and Customs Enforcement,  I.C.E.</strong>, you may contact them
at: www.ice.gov  <span class="style2">Toll free Hotline: 1-866-DHS-2-ICE</span></p>
          <p>For  further reporting agencies and information
www.americanchaos.wordpress.com/how-to/</p>
          <p><strong>Southern California  Locations:</strong></p>
             <table style="color:#000000; font-size:12px;
font-family:Verdana, Arial, Helvetica, sans-serif; margin-left: 100px; border:0px;"
cellspacing="0" cellpadding="0">
             <col width="271">
             <col width="65">
             <col width="64">
             <tr height="20">
                <td height="20" width="273">#19. 22095 Highway    18.
Apple Valley</td>
                <td width="126"> CA    92307</td>
                <td width="223"> (760)    247-7017</td>
             </tr>
             <tr height="20">
                <td height="20">#20. 18313 Outer Hwy 18. Apple
Valley</td>
                <td> CA 92307</td>
                <td> (760) 242-7727</td>
             </tr>
             <tr height="20">
                <td height="20">#14. 3484 Gage Ave. Bell</td>
                <td> CA 90201</td>
                <td> (323) 581-6277</td>
             </tr>
             <tr height="20">
                <td height="20">#23. 505 W 5th Ave. Escondido</td>
                <td> CA 92025</td>
                <td> (760) 737-2377</td>
             </tr>
             <tr height="20">
                <td height="20">#16. 16727 Bear Valley Rd.
Hesperia</td>
                <td> CA 92345</td>
                <td> (760) 949-1815</td>
             </tr>
             <tr height="20">
                <td height="20">#17. 15678 Main St. Hesperia</td>
                <td> CA 92345</td>
                <td> (760) 947-8801</td>
             </tr>
             <tr height="20">
                <td height="20">#06. 5624 Pacific Ave. Huntington
Park</td>
                <td> CA 90255</td>
                <td> (323) 581-8179</td>
             </tr>
             <tr height="20">
                <td height="20">#26. 1805 W Ave. J. Lancaster</td>
                <td> CA 93534</td>
                <td> (661) 729-5777</td>
             </tr>
             <tr height="20">
                    Page 3
```